# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>PAUL ALLEN GREENO,<br><br>            Defendant. | Case No. 3:24-cr-00095-SLG-KFR |

## ORDER ON REPORT AND RECOMMENDATION

Before the Court at Docket 22 is Defendant Paul Allen Greeno's Motion to Dismiss Count 2 Pursuant to *Bruen*.[1] The United States responded in opposition at Docket 23. The motion was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 25, Judge Reardon issued his Report and Recommendation in which he recommended that the motion be denied. Mr. Greeno filed objections to the Report and Recommendation at Docket 67.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[2] A court is to "make a de novo determination of those portions of the magistrate judge's report

---

[1] *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

[2] 28 U.S.C. § 636(b)(1).

or specified proposed findings or recommendations to which objection is made."[3] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[4]

## BACKGROUND

Greeno has been charged with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 1), and possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) (Count 2).[5] Greeno moved to dismiss Count 2, contending that 18 U.S.C. § 922(g)(1) violates the Second Amendment because it "is unconstitutional both facially and as applied to him because the Government cannot 'meet [its] burden to identify an American tradition' that has prohibited people with felony convictions from possessing firearms."[6]

Judge Reardon recommended denying the motion because "the Court is bound by Ninth Circuit precedent holding that the statute under which Defendant has been charged is constitutional."[7] Specifically, Judge Reardon noted that "in

---

[3] *Id.*

[4] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[5] Docket 9 at 2.

[6] Docket 22 at 31 (quoting *Bruen*, 597 U.S. at 38-39).

[7] Docket 25 at 1.

Case No. 3:24-cr-00095-SLG-KFR, *United States v. Greeno*
Order on Report and Recommendation
Page 2 of 6
Case 3:24-cr-00095-SLG-KFR   Document 31   Filed 03/18/25   Page 2 of 6

*United States v. Vongxay*, the Ninth Circuit relied on" two prior Supreme Court cases—*District of Colombia v. Heller* and *McDonald v. City of Chicago*—"in ruling that § 922(g)(1) did not violate the Second Amendment as applied to the defendant, a convicted felon."[8] Judge Reardon determined that this Court was bound by *Vongxay* because Greeno had not shown that *Vongxay* was clearly irreconcilable with *Bruen*.[9] That is because "*Bruen* preserved *Heller* and *McDonald*'s endorsements of the validity of felon disarmament laws."[10]

Further, Judge Reardon reasoned that "[a]lthough *Vongxay* did not fully engage in the core historical analysis that *Bruen* now requires and acknowledged that 'the historical question ha[d] not been definitively resolved,' 'that limited tension between *Vongxay* and *Bruen* is not enough to find that *Bruen* effectively overruled *Vongxay*.'"[11] And the Supreme Court's decision in *United States v. Rahimi*, which was issued after *Bruen*, "reaffirmed its pronouncement in *Heller* that prohibitions on firearm possession by felons are presumptively lawful."[12]

---

[8] Docket 25 at 3 (first citing *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010); then citing *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008); and then citing *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010)).

[9] Docket 25 at 4 (citing *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)).

[10] Docket 25 at 5-6.

[11] Docket 25 at 7 (first quoting *Vongxay*, 594 F.3d at 1118; and then quoting *United States v. Jackson*, 656 F. Supp. 3d 1239, 1243 (W.D. Wash. 2023)).

[12] Docket 25 at 5 (citing *United States v. Rahimi*, 602 U.S. 680, 699 (2024) ("*Heller* never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, our opinion stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" (quoting *Heller*, 554 U.S. at 626-27 & n.26)).

Case No. 3:24-cr-00095-SLG-KFR, *United States v. Greeno*
Order on Report and Recommendation
Page 3 of 6
Case 3:24-cr-00095-SLG-KFR   Document 31   Filed 03/18/25   Page 3 of 6

As such, Judge Reardon concluded that "the Court remains bound by *Vongxay*" and he recommended rejecting Greeno's facial and as-applied challenge to § 922(g)(1).[13] Judge Reardon noted that "[t]here appears to be little practical difference between Defendant's facial and as-applied challenges, particularly as Defendant does not rely on any specific facts beyond his mere possession of a firearm while having two felony convictions."[14] Judge Reardon perceived "no invalid application of § 922(g)(1) based on those facts, which necessarily defeats both challenges."[15]

Greeno objects to Judge Reardon's conclusion that *Vongxay* is not clearly irreconcilable with *Bruen*. He maintains that "[b]ecause *Vongxay* did not engage in the constitutional text and cited no examples of historical firearm regulations, its reasoning is at odds with *Bruen* and is not binding in this circuit."[16] He also contends that the Report and Recommendation did not address Greeno's as-applied challenge to the constitutionality of § 922(g)(1) and "fails to show how the statute as applied to Mr. Greeno is 'part of the historical tradition that delimits the outer bounds of the right to keep and bear arms' as required by *Bruen*."[17]

---

[13] Docket 25 at 8.

[14] Docket 25 at 8 n.58.

[15] Docket 25 at 8 n.58.

[16] Docket 27 at 2.

[17] Docket 25 at 4 (quoting *Bruen*, 597 U.S. at 19).

Case No. 3:24-cr-00095-SLG-KFR, *United States v. Greeno*
Order on Report and Recommendation
Page 4 of 6
Case 3:24-cr-00095-SLG-KFR    Document 31    Filed 03/18/25    Page 4 of 6

**DISCUSSION**

First, the Court agrees with Judge Reardon that *Vongxay* remains binding on this Court. Ninth Circuit precedent is only "effectively overruled" when "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority."[18] "The clearly irreconcilable requirement is a high standard. . . . [I]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent."[19] At most, *Bruen* may cast doubt on the *Vongxay* court's analytical method. That is not enough for this Court to disregard *Vongxay*. Further, neither *Bruen* nor *Rahimi* cast doubt on *Vongxay*'s ultimate conclusion that § 922(g)(1) is constitutional. The Court is therefore bound by *Vongxay*.

Second, as to Greeno's contention that the Report and Recommendation did not address his as-applied challenge, the Court agrees with Judge Reardon's analysis that Greeno has not provided circumstances distinguishing his case from the facial prohibition on felons possessing firearms. In his motion to dismiss, Greeno argued that § 922(g)(1) "is unconstitutional both facially and as applied to him because the Government cannot 'meet [its] burden to identify an American tradition' that has prohibited people with felony convictions from possessing

---

[18] *Miller*, 335 F.3d at 893.

[19] *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (internal quotation marks and citations omitted)).

Case No. 3:24-cr-00095-SLG-KFR, *United States v. Greeno*
Order on Report and Recommendation
Page 5 of 6
Case 3:24-cr-00095-SLG-KFR   Document 31   Filed 03/18/25   Page 5 of 6

firearms."[20] As set forth above, the Court has concluded that *Vongxay* compels a finding that a prohibition on people with felony convictions from possessing firearms is constitutional. Greeno has a felony conviction, and he was indicted for possessing firearms. Greeno does not provide the Court with other facts or circumstances that would require an as-applied analysis different from the analysis rejecting his facial challenge to § 922(g)(1).

Therefore, the Court adopts the Report and Recommendation. Accordingly, IT IS ORDERED that the Motion to Dismiss Count 2 Pursuant to *Bruen* at Docket 22 is DENIED.

DATED this 18th day of March, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[20] Docket 22 at 31 (quoting *Bruen*, 597 U.S. at 38-39).

Case No. 3:24-cr-00095-SLG-KFR, *United States v. Greeno*
Order on Report and Recommendation
Page 6 of 6

Case 3:24-cr-00095-SLG-KFR   Document 31   Filed 03/18/25   Page 6 of 6